(112 App. Div. 489)

### GRIMM v. KRAHMER.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

INJUNCTION—PENDENTE LITE—CONFLICTING AFFIDAVITS.

    The court is justified in refusing a temporary injunction against erection of a veterinary hospital, as in violation of a covenant against erecting on the premises a dangerous, noxious, or offensive establishment; the hearing being on conflicting affidavits.

Appeal from Special Term, New York County.

Action by Louis Grimm against Rachel I. Krahmer. From an order, plaintiff appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Samuel J. Siegel, for appellant.
George W. Wager, for respondent.

INGRAHAM, J. The defendant is the owner of certain property located on the northerly side of 148th street, between Brook and St. Ann avenues, in the borough of the Bronx, city of New York, and the plaintiff is the owner of a piece of property adjoining that of the de-

fendants. The plaintiff alleges that she is erecting on her property 6 apartment houses, such to be occupied by 15 families; that the defendant is the owner of a tract of land adjoining the plaintiff's premises on the west; that the premises belonging to the plaintiff and to the defendant, together with other property, constitute the block of land bounded by Brook and St. Ann avenues and East 148th and East 149th streets; that this block was prior to the 22d day of February, 1864, owned in fee by one Lewis B. Brown; that on the 22d day of February, Brown conveyed the premises now owned by the defendants by a deed, which contained the following covenant:

"And the said party of the second part, for his heirs and assigns doth hereby and by the acceptance of these presents covenant, promise, and agree to and with the said parties of the first part, their heirs and assigns, that neither he, the said party of the second part, nor his heirs or assigns, shall at any time hereafter erect, suffer, or permit on the premises hereby granted, or any part thereof, any brewery, distillery, slaughterhouse, soap, candle, starch, varnish, vitriol, glue, ink, or turpentine factory, or any factory for tanning, dressing, or preparing skins, hides, or leather, or any other dangerous, noxious, or offensive establishment whatsoever. And it is understood and agreed between the parties as hereto that this covenant is attached to and shall run with the land."

Thereafter the said premises were conveyed by various conveyances until it vested in the defendant. It is further alleged that Brown also conveyed the property now owned by the plaintiff subject to a similar covenant; that the defendant is about to erect upon a portion of the premises owned by her a building having a frontage on East 148th street of 25 feet, and a depth of 70 feet, which is to be one story in height, and which the defendant proposes to use as a veterinary hospital or stable for the treatment of sick and diseased animals; that the business which the defendant proposes to carry on upon the premises is a nuisance, and is and will be dangerous, noxious, and offensive to the neighboring inhabitants, and particularly the plaintiff; that it will gather together a number of horses and animals of a similar nature suffering from the ills attendant upon this species of animals; that it will pollute and deteriorate the atmosphere of the neighborhood, and the same will become offensive and objectionable to the residents of the neighborhood and to the plaintiff. There was an affiadvit of a physician submitted by plaintiff, who deposes that in his opinion the building and maintenance of a stable and veterinary hospital for the treatment of horses and other animals suffering from diseases akin to such animals must inevitably be a menace to the health of the persons living in its vicinity; that the contagious diseases of horses or other animals might be transmitted to human beings coming in contact with the air of the hospital, and that children might particularly become infected; that the stench and odor from such an establishment would most emphatically be noisome, noxious, and offensive, and distinctly unhealthful; that the noises attendant upon the treatment or putting to death of such animals would be disturbing to the peace and quiet of the people of the vicinity.

The defendant interposed an answer, admitting that she is constructing a brick and stone building on the premises owned by her, to be used as a veterinary hospital; that during the past five years there has

been a building on the premises in question, which has during the whole of said period been used as a stable by the defendant in connection with the defendant's husband's business of veterinary surgeon; that the defendant is erecting in lieu of the old building a brick and stone structure of one story, which is to be highly sanitary in its construction, and in nowise a violation of any restriction that may exist upon the use of the said premises. There was other evidence of those living in the neighborhood that the business carried on by the defendant's husband is not at all noxious or offensive, and that the construction of the new building would be a great improvement upon the one already on the premises. There is no evidence that the business carried on by the defendant's husband for the past five years has been noxious or offensive, so as to come within the restriction contained in the covenant. Whether or not the proposed building will be a "dangerous, noxious, or offensive establishment" can only be disclosed when it is erected and used. The covenant is that the grantee shall not at any time erect, suffer, or permit on the premises any brewery, etc., or any other dangerous, noxious, or offensive, establishment whatsoever. This covenant is not one that restricts a business which would be injurious or offensive to the neighboring inhabitants, but, after specifying several specific uses to which the property is not to be put, couples with such restricted uses any other dangerous, noxious, or offensive establishment whatsoever; and, while the construction of this covenant would not be governed by the general laws as to nuisances, but by the force and effect of the covenant (Rowland v. Miller, 139 N. Y. 193, 34 N. E. 765, 22 L. R. A. 182), there must be evidence to justify the finding that the building or business to be conducted by the defendant is dangerous, noxious, or offensive.

The question as to the nature of the defendant's business, and as to whether or not it is within the covenant, can be determined upon the trial at Special Term, when the nature of the defendant's business can be inquired into, and the court upon such an investigation can then restrain any use of the building which would be a violation of the covenant. But upon these affidavits I think that the court below was justified in refusing to grant a temporary injunction, and leaving the question to be determined upon the trial.

The order appealed from should therefore be affirmed, with $10 costs and disbursements. All concur.